New York County.—HON. D. C. CALVIN, Surrogate.— June, 1879.

### In the matter of the estate of NATHAN S. ROBBINS, deceased.

A proper inventory must contain an appraisal by appraisers, but no appraisal can be made unless the assets are in existence.

Where, therefore, an administratrix, without filing an inventory, had disposed of all the assets of the estate, in the payment of funeral expenses and debts,—*Held*, that she could not be compelled to file a statutory inventory.

*It seems* that the only remedy, in such a case, is to require her to make, under oath, a statement of the property that came into her hands, its value and its disposition, and what has become of the proceeds.

MOTION by creditors to compel the administratrix to file an inventory.

It appeared, by the affidavit of the administratrix, in answer to the citation requiring her to file an inventory, that all the assets of the estate which came to her hands, and of which she had any knowledge, had been disposed of, and devoted to the payment of funeral expenses and claims against the estate, and that she had no such assets in hand, nor any proceeds thereof.

BUSHNELL & ALBRIGHT, *for creditor.* ·

STEWART & VICKERY, *for administratrix.*

THE SURROGATE.—It is the duty of an administrator or executor to make and file an inventory, which consists not only of a statement of the assets, but of an appraisal by appraisers duly appointed by the Surrogate. But it is equally clear that the appraisers can make no appraisal, unless the assets shall be exhibited to them. It would be a farce for them to attempt to make any such appraisal without seeing the property, and certainly this court will not require them to make an appraisal, where it is clearly impossible.

I am therefore of the opinion that no statutory inventory can be made in this case, for the reason that all the assets and their proceeds have been disposed of. The only remedy, in such a case, appears to be to require the representatives of an estate thus situated to make, under oath, a statement, in the nature of an account, of the property that came into their hands as such, its value, and its disposition, and what has become of the proceeds. This seems to have been done by the administratrix in this case. If the parties interested desire to test the accuracy of her statement, they may require her to

account in the usual way, and in the absence of any inventory, it will be incumbent upon the administratrix to show what she has received, and the disposition thereof, which any parties interested may contest and falsify. The affidavit of the administratrix, in this matter, should stand as her statement of the value of the assets which came to her hands. The motion to compel her to file an inventory should be denied.

Ordered accordingly.