NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November, 1883.

## SILVERBRANDT V. WIDMAYER.

*In the matter of the estate of* CHARLES SILVERBRANDT,
*deceased.*

The fact that the personal property late of a decedent, and its proceeds,
have been disposed of does not prevent the filing of an inventory
thereof.

Matter of Robbins, 4 *Redf.*, 144—overruled.

APPLICATION by Charles Silverbrandt, Jr., for an
attachment against Henry Widmayer and another,
administrators of decedent's estate, for failure to file an
inventory. The administrator named filed an affidavit
stating that decedent, at the time of his death, owed
to affiant more than $4,000; that, with the assent of the
next of kin, before his appointment, affiant sold the
fixtures, stock in trade and lease of saloon late of de-
cedent, for $2,850, and, with the assent of said next of
kin, applied this sum upon said indebtedness.

A. C. & M. H. ELLIS, *for petitioner.*

SALOMON & DULON, *for administrator.*

THE SURROGATE.—The affidavit which opposes peti-
tioner's application does not show sufficient cause why
that petition should be denied.

A verified statement in the form of an inventory, and
ontaining the very matters here averred in respondent's
bhalf, might be deemed a sufficient inventory if
acompanied by an appraisal. And such an appraisal

may be had even without actual inspection of assets. In the decision to the contrary, upon which respondent's counsel relies (Matter of Robbins, *4 Redf., 144*), the late Surrogate seems to have overlooked the case of Butler's Estate (*38 N. Y., 397*).

Petition granted.